UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DR. TAMARA SANDERFIELD, *et al.*,

Plaintiffs,

Case No. 26-cv-12514
Hon. Matthew F. Leitman

v.

WAYNE COUNTY, *et al.*,

Defendants.

____________________________________________________________/

**ORDER DIRECTING PLAINTIFFS TO FILE A SECOND AMENDED COMPLAINT**

On July 22, 2026, Plaintiffs Dr. Tamra Sanderfield and Micah Antoine Slaughter filed this action against multiple Defendants, including Wayne County, the Wayne County Friend of the Court, the estate of a deceased former Wayne County Circuit Court Judge, Canton Charter Township, Kelly Services, Inc., and others (including up to 1,000 John Doe Defendants) (*See* Compl., ECF No. 1.) Plaintiffs filed a First Amended Complaint on July 29, 2026. (*See* Am. Compl., ECF No. 6.) Plaintiffs' First Amended Complaint is difficult to follow, but it appears to allege a wide range of alleged misconduct over the course of more than a decade. It also appears to join together claims against different Defendants that do not arise out of the same facts or circumstances.

Plaintiffs have also filed applications to proceed *in forma pauperis* in this action. (*See* Applications, ECF Nos. 2, 3.) When a plaintiff files an application to proceed *in forma pauperis*, the Court has a duty to review and screen the plaintiff's Complaint. That is because under the Prison Litigation Reform Act of 1996, the Court is required to *sua sponte* dismiss a complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that all complaints set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me

accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

The Court has conducted a preliminary review of Plaintiffs' First Amended Complaint, and it fails to comply with Rule 8(a) for several reasons. Most importantly, the First Amended Complaint does not place Defendants on "fair notice" of the claims Plaintiffs are attempting to make in this case and the "grounds upon which" those claims rest. *Twombly*, 550 U.S. at 555. The First Amended Complaint tells a lengthy, narrative-based account of alleged wrongdoing that Plaintiffs say they experienced over several years, but it does not directly tie that misconduct to all of the Defendants, nor does it connect the alleged misconduct to the particular causes of action Plaintiffs bring here. *See*, *e.g., Payne v. Secretary of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of Complaint pursuant to Fed.R.Civ.P. 8(a)(2) and explaining that "[n]either this court nor the district court is required to create Payne's claim for her"). In addition, the First Amended Complaint attempts to bring a claim against the estate of a deceased state-court Judge even though the Judge appears to have absolute judicial immunity. *See, e.g., Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004) ("It is well-

established that judges enjoy judicial immunity from suits arising out of the performance of their judicial functions. The Supreme Court has specifically held that state judges are absolutely immune from liability under 42 U.S.C. § 1983”) (internal citations omitted). Finally, the First Amended Complaint appears to join together unrelated claims against unrelated Defendants in violation of the rules concerning the joinder of claims and parties. *See*, *e.g.*, *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 682 (6th Cir. 1988) (affirming dropping of mis-joined defendants under Federal Rule of Civil Procedure 21 and explaining that where the “the basis for the claims against [some] defendants was wholly unrelated to other matters at issue in [a] case,” then severing those claims without prejudice may be appropriate).

For all of these reasons, the Court concludes that Plaintiffs’ claims may not survive initial screening. However, the Court wants to provide Plaintiffs’ one final opportunity to attempt to plead viable claims before it dismisses this action (in whole or in part). It therefore **DIRECTS** Plaintiffs to file a Second Amended Complaint. In that pleading, Plaintiffs shall set fourth their factual allegations in individually numbered paragraphs in double spaced text. Each claim shall be listed in a separate Count. Then, in each Count, Defendants shall (1) identify which Defendants are included in that Count, (2) identify what right and/or statute they say was violated, (3) plead facts showing, on a Defendant-by-Defendant basis, how that Defendant separately violated their rights with respect to that Count, and (4) if the Count

involves an alleged constitutional violation, plead facts showing how that Defendant acted under the color of state law. The Court encourages Plaintiffs to write in short, clear sentences. Finally, in the Second Amended Complaint, if Plaintiffs bring claims against multiple Defendants, they shall limit the claims against those Defendants to claims that arose out of the same transaction or occurrence. The Court does not anticipate allowing Plaintiffs another opportunity to amend to add or clarify factual allegations that they could now include in a Second Amended Complaint. Simply put, this is Plaintiffs' opportunity to clearly and separately allege any and all facts, currently known to them, that may support their claims.

Plaintiffs shall file their Second Amended Complaint by no later than **November 23, 2026**. If Plaintiffs do not file a Second Amended Complaint as directed above, the Court will dismiss this action without prejudice.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: October 26, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 26, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126